IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHIRLEY ANN HALL,

            Plaintiff,

    v.

RTM RESTAURANT GROUP,
S.E.,

            Defendant.

CIVIL ACTION FILE NO.

1:05-CV-2251-CAP

## ORDER AND WRITTEN OPINION

Pending before the court is Defendant RTM's motion [Doc. 3] to dismiss the claims in the complaint brought pursuant to the Americans with Disabilities Act ("ADA"), Count I, and the claims brought pursuant to Title VII and § 1981, alleging retaliation, Counts II and V, of the complaint.[1]  Defendant asserts that Plaintiff has failed to state facts in the complaint upon which relief can be granted and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff Shirley Hall opposes the motion to dismiss contending that she has stated facts upon which relief can be granted on these claims; however, she does not oppose dismissal of Count V as it is duplicative of Count II of the complaint.  [Doc. 6].

---

[1]Defendant also notes other deficiencies in the complaint which this court will address herein.  [Doc. 3].

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the [non-moving party] can prove no set of facts which entitle him to relief."[2] Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994); see also Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) ("Dismissal is justified only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citation omitted); Krasner v. Episcopal Diocese of Long Island, 328 F. Supp. 2d 367, 370 (E.D.N.Y. 2004) ("In addition, the issue before the Court is not whether the plaintiff's claim will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of the claims."). "Moreover, the district court must view the facts presented in the pleadings, and all inferences drawn thereof, in the light most favorable to the non-moving party." Thunderwave v. Carnival Corporation, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997); see also Bernard, 17 F. Supp. 2d at 1314 (same); Gross v. Medaphis Corporation, 977 F. Supp. 1463, 1465 (N.D. Ga. 1997) ("For purposes of [plaintiff's] motion to dismiss, the Eleventh Circuit instructs that the Court should accept the allegations in

---

[2] "This is especially true in Title VII cases where the court is required to be liberal rather than technical in pleading requirements." Ferrell v. Busbee, 91 F.R.D. 225, 230 (N.D. Ga. 1981).

[defendant's cross-complaint] as true and construe those allegations in a light most favorable to [defendant]. . . .").

Furthermore, a party "'need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the [opposing party] fair notice of what the claim is and the grounds upon which it rests.'" Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996) (quoting Mann v. Adams Realty Co., Inc., 556 F.2d 288, 293 (5th Cir. 1977)).  And, Plaintiff is not required to "plead law or match facts to every element of a legal theory in her complaint." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2000). However, "[w]hile its [sic] true that notice pleading is an integral part of the federal rules governing pleading, it is still necessary that something be stated that apprizes a defendant of the substance of the allegation.'" Conley v. Bostic, 1993 WL 741854 * 16 (N.D. Ga. December 28, 1993) (quoting Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987)); see also McBride v. Lawstaf, Inc., 1996 WL 755779 * 1 (N.D. Ga. September 19, 1996) (dismissal is proper for claims setting forth theory of recovery with no factual allegations in support thereof).

Most importantly, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely

tests the sufficiency of the complaint; it does not decide the merits of the case." <u>Wein v. American Huts, Inc.</u>, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing <u>Milburn v. United States</u>, 734 F.2d 762, 765 (11th Cir. 1984)).  Applying these principles in the instant case, the court finds that the complaint is deficient in many respects and does not adequately apprise Defendant of the claims being asserted, as well as failing to set forth sufficient facts to allege claims pursuant to the ADA and to Title VII and § 1981 retaliation.

As Defendant points out, to qualify for relief under the ADA, a plaintiff must allege and establish: 1) that she has a disability; 2) that she is a qualified individual; and 3) that she was discriminated against because of the disability.  <u>See Pritchard v. Southern Co. Services</u>, 92 F.3d 1130, 1132 (11th Cir.), <u>amended</u>, 102 F.3d 1118 (11th Cir. 1996).  And, the ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).  Evidence of "a physical impairment alone is not necessarily a disability under the ADA."  <u>Id.</u> at 1226; <u>see also</u> <u>Couts v. Beaulieu Group, LLC</u>, 288 F. Supp. 2d 1292, 1303 (N.D. Ga. 2003) ("Simply having an impairment or condition, however, is not sufficient to satisfy the ADA's requirements.").  The complaint does

4

not allege facts indicating that Plaintiff was suffering from a disability as defined by the ADA or that the disability was linked to the July 2004 termination.  Defendant is entitled to a more definite statement of the facts that Plaintiff contends supports her ADA claim.

Likewise, the complaint is vague and confusing as pled with respect to Plaintiff's claim of retaliation.  Based on her response to the motion to dismiss, Plaintiff is apparently relying on the opposition clause of Title VII based on her contact with the Equal Employment Opportunity Commission on an unspecified date in 2004 which she now attempts to link to her July 2004 dismissal.  [Doc. 1 ¶¶ 18, 27; Doc. 6].  Title VII acts to shield employees from retaliation for certain protected practices.[3]  Specifically, the statute provides, in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful practice by this subchapter. . . .

42 U.S.C. § 2000e-3(a).  The facts pled should give Defendant sufficient notice of how Plaintiff contends the violation occurred and allege facts identifying that:  (1) she

---

[3]"Title VII's prohibition against discharge and adverse employment actions in retaliation for protected activity applies to claims brought under § 1981."  Carr v. Stillwaters Development Co., L.P., 83 F. Supp. 2d 1269, 1277 (M.D. Ala. 1999).  Plaintiff has also alleged a violation of § 1981 in Count II.

5

engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir. 1998). Defendant is also correct in noting that Plaintiff must establish by direct or circumstantial evidence that a decision-maker was aware of the protected expression in order to demonstrate a causal connection between the protected expression and the adverse employment action. See Sullivan v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1060-61 (11th Cir. 1999); Clover v. Total Sys. Serv., Inc., 176 F.3d 1346, 1354 (11th Cir. 1999). No facts allege notice by Defendant of Plaintiff's first contact with the EEOC nor allege any other link between that contact and her subsequent termination.

Additionally, as Defendant noted, although not seeking dismissal on these grounds, the complaint, in Count III, alleges a violation of Title VII and § 1981 for age discrimination. [Doc. 1]. This count does not state a claim upon which relief can be granted. Neither Title VII nor § 1981 afford relief for discrimination because of an individual's age. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). And, § 1981 only applies to claims of intentional

6

discrimination based on an individual's race.[4]  Section 1981(a) reads, in pertinent part:

"All persons . . . shall have the same right in every State . . . to make and enforce

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws

. . . as is enjoyed by white citizens. . . ."  42 U.S.C. § 1981(a).  A violation of § 1981

in the employment context, therefore, arises out of discrimination on the basis of race.

See Little v. United Technologies, Carrier Transicold Division, 103 F.3d 956, 961 (11th

Cir. 1997) ("It is well-established that section 1981 is concerned with *racial*

discrimination in the making and enforcement of contracts.") (emphasis in original).

And, finally, Defendant is correct in pointing out that the complaint fails to make

any request for relief beyond seeking a trial by jury.  [Doc. 1 ¶ 35].  Whether Plaintiff

is entitled to a jury trial depends upon the relief being sought, and Defendant is entitled

to notice of what relief Plaintiff is seeking.  See Kennedy v. Alabama State Board of

Education, 78 F. Supp. 2d 1246 (M.D. Ala. 2000).

Pursuant to Fed. R. Civ. P. 12(e), Defendant could have sought, and is entitled

to, a more definite statement of the claims, the facts supporting those claims, and the

relief Plaintiff is seeking.[5]  Likewise, the court finds that Plaintiff should be allowed an

---

[4]To the extent that Plaintiff is alleging a § 1981 violation because of sex discrimination, see Count IV, she has also failed to state a claim.  [Doc. 1].

[5]Fed. R. Civ. P. 12(e) provides in pertinent part:  "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot

7

opportunity to amend her complaint to properly plead the basis for her causes of action, the facts that would state a claim upon which relief could be granted and what relief she is seeking before the court makes a recommendation to the District Court on the motion to dismiss.  In Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985), the Eleventh Circuit Court of Appeals stated:

> We are reluctant to approve rule 12(b)(6) dismissals in light of the well-established rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." . . .  Our strict adherence to this rule has led us to hold that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.

(citations omitted); see also Barnett v. Bailey, 956 F.2d 1036, 1043 (11th Cir. 1992) (same).[6]

---

reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

[6]However, Plaintiff is advised that the right to amend the complaint to attempt to state a claim upon which relief may be granted is not absolute.  A court may deny the amendment, as is true in any other case under Rule 15(a), for the reasons set forth by the Supreme Court in Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).  See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); see also Spanish Broadcasting System of Florida v. Clear Channel Communications, Inc., 376 F.3d 1065, 1078 (11th Cir. 2004).  Accordingly, if, as amended the complaint still fails to state a claim, a recommendation of dismissal will be forthcoming.

For these reasons, the court will allow Plaintiff **twenty (20) days** from entry of this order to amend her complaint to address the deficiencies identified and to allege specific facts that would establish her entitlement to relief or to delete those claims from the complaint.[7]  Failure to amend the complaint will result in a recommendation that the counts failing to state a claims in the complaint be dismissed for the reasons noted *supra*.  Following any amendment of the complaint, and within **twenty (20) days**, Defendant may withdraw the pending motion to dismiss <u>and</u> file an amended answer to the complaint <u>or</u> supplement the motion in light of the amended complaint, addressing the claims as amended.  The court will take the pending motion [Doc. 3] to dismiss under advisement in the interim.

**SO ORDERED** this 11th day of January, 2006.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[7]The court is not allowing Plaintiff to amend her complaint to allege new theories of recovery not previously identified.  For example, Plaintiff has asserted claims for age, disability and sex discrimination and for retaliation but not for race discrimination, which would be a new theory of recovery not permitted by the court's order.

AO 72A
(Rev.8/82)